FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

2016 MAR 16  AM 10: 02

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

Anthony Worley, Delkeisha Gavin,
Lisette Levasseur,

      Plaintiffs,

v.

Convergent Outsourcing, Inc.

      Defendant.

_____/

Case No. 3:16- CV-252-J-25MCR

**COMPLAINT**

**JURY TRIAL DEMANDED**

## PRELIMINARY STATEMENT

1.  This is an action for damages brought by individual consumers based on Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Florida Consumer Communication Practices Act ("FCCPA"), Chapter 559, Florida Statutes.

## PARTIES

2.  Plaintiff, Anthony Worley, ("Mr. Worley"), is a natural person who resided in Jacksonville, Florida, at all times relevant to this action.

3.  Plaintiff, Delkeisha Gavin ("Ms. Gavin"), is a natural person who resided Miami, Florida, at all times relevant to this action.

4.  Plaintiff, Lisette Levasseur, ("Ms. Levasseur"), is a natural person who resided in Port Saint Lucie, Florida, at all times relevant to this action.

1

5. Defendant, Convergent Outsourcing, Inc., ("Convergent"), is a Washington Corporation that maintained its principal place of business in Renton, Washington, at all times relevant to this action.

## JURISDICTION AND VENUE

6. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

7. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

8. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, *et seq.*, because those claims share a common nucleus of operative facts with Plaintiff's claims under the FDCPA. S*ee LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

## JOINDER

9. Rule 20 of the Federal Rules of Civil Procedure provides, in part:

   (a) PERSONS WHO MAY JOIN OR BE JOINED.

      (1) Plaintiffs. Persons may join in one action as plaintiffs if:

         (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

*See* Fed. R. Civ. P. 20(a).

10.   "Under the [Federal] Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mineworkers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 1138 (1966).

11.   "Plainly, the central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1323 (11th Cir. 2000) (reversed on other grounds).

12.   "A party seeking joinder of claimants under Rule 20 must establish two prerequisites: 1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and 2) some question of law or fact common to all persons seeking to be joined." *Id.*

13.   The rule "does not require that **all** questions of law and fact raised by the dispute be common, but only that **some** question of law or fact be common to all parties." *Id.* at 1324 (emphases included) (citing *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir.1974)).

14.   "[A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Alexander*, 207 F.3d at 1323 (quoting *Mosley*, 497 F.2d at 1333).

15.   The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single

3

proceeding. Absolute identity of all events is unnecessary. *See Mosley*, 497 F.2d at 1332.

16. Allegations of a company-wide policy that violates federal law have been held sufficient to establish that multiple plaintiffs' claims "arose out of the same series of transactions or occurrences." *See Mosley*, 497 F.2d, at 1334.

17. In the FDCPA context, allegations by multiple plaintiffs that they were subjected to the same collection practices by a single debt collector support joinder under Rule 20. *See, e.g., Scott v. Fairbanks Capital Corp.*, 284 F. Supp. 2d 880, 888-89 (S.D. Ohio 2003).

18. In the TCPA context, calls received by multiple plaintiffs from the same debt collector using an autodialer support joinder under Rule 20. *See, e.g., Blair v. CBE Group, Inc.*, 2013 U.S. Dist. LEXIS 150996, *17-18 (S.D. Cal. Oct. 17, 2013); *Desai v. ADT Sec. Servs., Inc.*, 2011 U.S. Dist. LEXIS 77457, *4-8 (N.D. Ill. July 18, 2011).

## **ADDITIONAL FACTORS SUPPORTING JOINDER**

19. The witness(es) that Convergent will produce in response to a notice of deposition pursuant to Rule 30(b)(6) will likely be the same individual(s) for each Plaintiff.

20. The information that Convergent will provide in response to interrogatories related to Convergent's policies, practices, and procedures will likely be the same, or substantially similar, for each Plaintiff.

21. The evidence that Convergent will produce in response to requests for production of documents related to Defendant's policies, practices and procedures will likely be the same, or substantially similar, for each Plaintiff.

22.   Joinder will allow a single trier of fact to assess the pattern and frequency of Convergent's alleged misconduct, which is a relevant factor in the legal issues and damages in this case.

23.   Joinder avoids the need to conduct multiple trials and empanel multiple juries to resolve fairly straightforward claims that Defendant violated the FDCPA, TCPA and FCCPA.

## ALLEGATIONS OF FACT COMMON TO ALL PLAINTIFFS

24.   At all times relevant to this action, Convergent collected consumer debts.

25.   Convergent regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

26.   The principal source of Convergent's revenue is debt collection.

27.   Convergent is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

28.   As described, *infra*, Convergent contacted each Plaintiff to collect a debt that was incurred primarily for personal, family, or household purposes.

29.   Each alleged obligation Convergent was seeking to collect is a "debt" as defined by 15 U.S.C. § 1692a(5).

30.   Each Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

31.   Before Convergent began contacting each Plaintiff, it and each Plaintiff had no prior business relationship.

32.   Within the past twelve (12) months, Convergent called each Plaintiff on multiple occasions in connection with the collection of a debt.

33. On several occasions, within the past forty-eight (48) months, the dates of which will be discovered through discovery, Convergent willingly and knowingly used an automatic telephone dialing system (ATDS) to call each Plaintiff on his or her cellular phone multiple times without Plaintiff's express consent, or after consent was revoked in violation of the TCPA.

34. Convergent used a predictive dialer system to call each Plaintiff.

35. Each Plaintiff, on at least one occasion, communicated his or her desire that Convergent cease calling her.

36. Notwithstanding these communications, Convergent continued to call each Plaintiff in connection with the collection of a debt.

## LEGAL ARGUMENTS COMMON TO ALL PLAINTIFFS

37. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

38. The TCPA provides, in part:

>  (b)   RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
>  (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
>  (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

> \* \* \*
>> (iii) to any telephone number assigned to a paging
>> service, cellular telephone service, specialized
>> mobile radio service, or other radio common
>> carrier service, or any service for which the called
>> party is charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

39.   The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is made. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, pp 40-41, ¶ 72-73.

40.   The "called party" may revoke and prior consent to be called on their cellular phone in any reasonable manner. I*n the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, ¶ 55-70.

41.   The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this
> subsection or the regulations prescribed under this subsection, the court
> may, in its discretion, increase the amount of the award to an amount
> equal to not more than 3 times the amount available under subparagraph
> (B) of this paragraph.

47 U.S.C. § 227(b)(3).

42.   The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision, rule or regulation...."  47 U.S.C. § 312(f).

43. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc.* 2015 U.S. Dist. LEXIS 44930, at \*31 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, at \*21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, \*18-20 (N.D. Ga. 2011).

44. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 U.S. Dist. LEXIS, at \*21-22; *see also Roylance*, 2015 U.S. Dist. LEXIS, at \*31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

45. In addition, a company that places telephone calls using an ATDS and/or an artificial or prerecorded voice bears a responsibility to place intermittent live verification calls to ensure the subscriber being called has provided his or her express consent to be called. *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 1316, 1322 (S.D. Fla 2012).

## INDIVIDUAL COUNTS AS TO EACH PLAINTIFF

### COUNT ONE- Anthony Worley

### Violation of the Fair Debt Collection Practices Act

46. Plaintiff, Anthony Worley, re-alleges and incorporates by reference Paragraphs 2, and 6 through 45 above as if fully set forth herein.

47.  Before Convergent began contacting Mr. Worley, it and Mr. Worley had no prior business relationship and Mr. Worley had never provided express consent to Convergent to be contacted on her cellular telephone.

48.  Within the past twelve months, Convergent began calling Mr. Worley on Mr. Worley's cellular telephone at phone number XXX-XXX- 6042, in an attempt to collect a debt.

49.  Convergent called Mr. Worley from various telephone numbers, including but not limited to, 800-350-9095.

50.  Shortly after the phone calls began, Mr. Worley communicated his desire that Convergent cease calling him.

51.  Convergent responded by stating they could not stop the calls because his number was set on "autodial."

52.  Despite this communication, Convergent continued to call Mr. Worley on Mr. Worley's cellular telephone in an attempt to collect a debt.

53.  Convergent caused Mr. Worley emotional distress.

54.  Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

55.  Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

COUNT TWO-Anthony Worley

**Violation of the Telephone Consumer Protection Act**

56.   Plaintiff, Anthony Worley, re-alleges and incorporates by reference Paragraphs 2, and 6 through 53 above as if fully set forth herein.

57.   Mr. Worley was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

58.   Defendant violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on her cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

59.   Convergent voluntarily placed calls to Mr. Worley's cellular telephone using an ATDS.

60.   Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on her cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

COUNT THREE- Anthony Worley

**Violations of the Florida Consumer Collection Practices Act**

61.   Plaintiff, Anthony Worley, re-alleges and incorporates by reference Paragraphs 2, and 6 through 53 above as if fully set forth herein.

62.   Defendant is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

63.   Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

64.   Defendant attempted to collect a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

65.   Defendant willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff, or engaging in other conduct which can reasonably be expected to abuse or harass Plaintiff.

<u>COUNT FOUR- Delkeisha Gavin</u>

**Violation of the Fair Debt Collection Practices Act**

66.   Plaintiff, Delkeisha Gavin, re-alleges and incorporates by reference Paragraphs 3, and 6 through 45 above as if fully set forth herein.

67.   Before Convergent began contacting Ms. Gavin, it and Ms. Gavin had no prior business relationship and Ms. Gavin had never provided express consent to Convergent to be contacted on her cellular telephone.

68.   Within the past twelve months, Convergent began calling Ms. Gavin on Ms. Gavin's cellular telephone at phone number XXX-XXX-2416 in an attempt to collect a debt for another individual.

69.   Convergent called Ms. Gavin's cell phone number from various telephone numbers, including but not limited to 800-350-9095.

70.   Shortly after the phone calls began, Ms. Gavin notified Convergent that Ms. Gavin was not the individual Convergent was looking for and communicated her desire that Convergent cease calling her.

71.   Despite this communication, Convergent continued to call Ms. Gavin on Ms. Gavin's cellular telephone in an attempt to collect a debt for another individual.

72.   Convergent's policies and procedures for processing account data received from original creditors fail to identify easily discoverable errors and avoid the needless harassment of undeserving consumers like Ms. Gavin.

73.   Convergent unreasonably relied upon inaccurate information provided to Convergent by one (1) or more original creditors for whom Convergent was attempting to collect a debt when Convergent called Ms. Gavin's cellular telephone.

74.   Convergent caused Ms. Gavin emotional distress.

75.   Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

76.   Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

<u>COUNT FIVE-Delkeisha Gavin</u>

**Violation of the Telephone Consumer Protection Act**

77.   Plaintiff, Delkeisha Gavin, re-alleges and incorporates by reference Paragraphs 3, 6 through 53, and 67 through 74 above, as if fully set forth herein.

78.   Ms. Gavin was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

79.   Defendant violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on

her cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

80.     CPA voluntarily placed telephone calls to Ms. Gavin's cellular telephone using an ATDS.

81.     Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on her cellular telephone without Plaintiff's prior express consent or after suc consent had been revoked.

COUNT SIX- Delkeisha Gavin

**Violations of the Florida Consumer Collection Practices Act**

82.     Plaintiff, Delkeisha Gavin, re-alleges and incorporates by reference Paragraphs 3, 6 through 53, and 67 through 74 above, as if fully set forth herein.

83.     Defendant is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

84.     Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

85.     Defendant contacted Ms. Gavin for the purpose of collecting a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

86.     Defendant willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff, or engaging in other conduct which can reasonably be expected to abuse or harass Plaintiff.

COUNT SEVEN- Lisette Levasseur

**Violation of the Fair Debt Collection Practices Act**

87.   Plaintiff, Lissete Levasseur re-alleges and incorporates by reference Paragraphs 4, and 6 through 45 above, as if fully set forth herein.

88.   Before Convergent began contacting Ms. Levasseur, it and Ms. Levasseur had no prior business relationship and Ms. Levasseur had never provided express consent to Convergent to be contacted on her cellular telephone.

89.   Within the past twelve months, Convergent began calling Ms. Levasseur on Ms. Levasseur's cellular telephone at phone number XXX-XXX-5784, in an attempt to collect a debt for another individual.

90.   Covergent called Ms. Levasseur from various phone numbers, including but not limited to 206-777-1959.

91.   Shortly after the phone calls began, Ms. Levasseur notified Convergent that Ms. Levasseur was not the individual Convergent was looking for and communicated her desire that Convergent cease calling her.

92.   Despite this communication, Convergent continued to call Ms. Levasseur on Ms. Levasseur's cellular telephone in an attempt to collect a debt for another individual.

93.   Convergent's policies and procedures for processing account data received from original creditors fail to identify easily discoverable errors and avoid the needless harassment of undeserving consumers like Ms. Levasseur.

14

94. Convergent unreasonably relied upon inaccurate information provided to Convergent by one (1) or more original creditors for whom Convergent was attempting to collect a debt when Convergent called Ms. Levasseur's cellular telephone.

95. Convergent caused Ms. Levasseur emotional distress.

96. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

97. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

COUNT EIGHT- Lisette Levasseur

**Violation of the Telephone Consumer Protection Act**

98. Plaintiff, Lissete Levasseur re-alleges and incorporates by reference Paragraphs 4, 6 through 44, and 88 through 95 above, as if fully set forth herein.

99. Ms. Levasseur was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

100. Defendant violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on her cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

101. Convergent voluntarily placed telephone calls to Ms. Levasseur's cellular phone using an ATDS.

102. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on her cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

<u>COUNT NINE- Lisette Levasseur</u>

**Violations of the Florida Consumer Collection Practices Act**

103. Plaintiff, Lissete Levasseur re-alleges and incorporates by reference Paragraphs 4, 6 through 44, and 88 through 95 above, as if fully set forth herein.

104. Defendant is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

105. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

106. Defendant contacted Ms. Levasseur for the purpose of collecting a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

107. Defendant willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff, or engaging in other conduct which can reasonably be expected to abuse or harass Plaintiff.

**<u>JURY DEMAND</u>**

108. Plaintiff demands a trial by jury.

**<u>PRAYER FOR RELIEF</u>**

109. Each of the individual Plaintiffs pray for the following relief:

a.  Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

b.  An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

c.  Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

d.  Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees, plus punitive damages pursuant to Fla. Stat. § 559.77.

e.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: March 15, 2016                          By:___ /s/ Sharina T. Romano_____
                                              Sharina T. Romano, Esq.
                                              Florida Bar No.: 65501
                                              **HYSLIP & TAYLOR, LLC, LPA**
                                              1100 W. Cermak Road, Suite B410
                                              Chicago, Illinois 60608
                                              (P) 312.380.6110
                                              (F) 312.361.3509
                                              (E) sharina@fairdebt411.com

                                              *Counsel for Plaintiffs*